UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE LAVELL PERSON, | ) | CASE NO. 4:07 CV 2020 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| R. TAPIA, Warden, NEOCC, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On July 5, 2007, plaintiff pro se Andre Lavell Person filed this in forma pauperis action under 42 U.S.C. § 1983 against Northeast Ohio Correctional Center (NEOCC) Warden R. Tapia. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint alleges that Mr. Person, an NEOCC inmate, was taking a shower at the institution when he noticed an extreme change in temperature. Upon returning to his cell, his skin was white and bleeding above his right eye. Mr. Person was treated for second degree burns the next day.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

It is well established that negligence cannot form the basis for a section 1983 action. Daniels v. Williams, 474 U.S. 327 (1986). Even construing the complaint liberally, the facts set forth at most assert negligence on the part of defendant's agents. Mr. Person's claim is thus subject to summary dismissal. Dillon v. Wilson, No. 85-5566, 1987 U.S. App. LEXIS 8173, (6th Cir. June 29, 1987). Further, even were an otherwise valid claim set forth, section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Supervisors may be deemed liable for the unconstitutional actions of their agents only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978); see also, Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

supervisor encouraged the specific misconduct or in some way directly participated in it).

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 8/9/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE
